# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ERIN ONELLION**

**VERSUS**

**STARBUCKS CORPORATION**

**CIVIL ACTION**

**NO. 17-885-JWD-RLB**

## ORDER

Before the Court is Defendant's Motion to Compel Discovery Responses From Plaintiff (R. Doc. 15) filed on March 9, 2018. The Court ordered Plaintiff to file any response to the instant Motion on or before March 19, 2018. (R. Doc. 16). Plaintiff has not filed a response as of the date of this Order. Accordingly, the instant Motion is unopposed.

Defendants propounded Interrogatories (R. Doc. 15-3) and Requests for Production (R. Doc. 15-4) on Plaintiff on November 16, 2017.

On January 15, 2018, defense counsel contacted Plaintiff's counsel by e-mail to obtain responses. (R. Doc. 15-5). Defense counsel attempted to obtain the responses again by e-mail on February 14, 2018. (R. Doc. 15-6). Noting that the earlier e-mails had gone unanswered, defense counsel wrote Plaintiff's counsel a letter on February 15, 2018, requesting responses to be produced within 10 days of the correspondence, or Defendants would proceed with filing a motion to compel. (R. Doc. 15-7).

The record indicates that Plaintiff has failed to respond to Defendant's discovery requests, failed to respond to Defendant's correspondences, and failed to file any opposition to the instant Motion.

As Plaintiff did not make any timely objections to Defendant's discovery requests, the Court finds that it has waived its objections to Defendants' Interrogatories and Requests for Production, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Moreover, given the lack of any response to the instant Motion, the Court will award Defendants the reasonable expenses incurred in making the Motion, including attorney's fees, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 15) is **GRANTED**. Plaintiff must provide responses to Defendant's Interrogatories (R. Doc. 15-3) and Requests for Production (R. Doc. 15-4), including the production of any non-privileged responsive documents, no later than **7 days** from the date of this Order. These responses must be made without objections, except to assert any applicable privileges and/or immunities.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel, and that Plaintiff's attorney Mr. Richard Hobbs Barker, IV, shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff's counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendant shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of Defendant's Motion, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on March 20, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.